# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MICHAEL DANIELS,**

       **Plaintiff,**

**v.**                                                  Case No: 6:17-cv-365-Orl-40DCI

**SHARYANAH, INC. and SAAD AHMAD,**

       **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:**    **JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. 20)**
>
> **FILED:**      **June 6, 2017**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I. BACKGROUND.**

Plaintiff filed the operative complaint against Defendants on April 3, 2017, asserting a single claim for unpaid overtime wages in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207. Doc. 9. Defendants filed an answer and affirmative defenses on April 6, 2017. Doc. 11.

The parties settled the case prior to the deadline for Plaintiff to file his answers to the Court's standard FLSA interrogatories. *See* Doc. 16. Thus, Plaintiff did not file answers to the Court's FLSA interrogatories.

The parties filed a Joint Motion for Approval of Settlement (Motion) on June 6, 2017. Doc. 20. The parties attached their signed settlement agreement (Agreement) to the Motion. Doc. 20-1. The Agreement provides that Plaintiff agrees to release any wage claims he may have against Defendants, in exchange for receiving $5,500.00 in unpaid wages, $5,500.00 in liquidated damages, and $5,000.00 in attorney fees and costs. *Id*. at 3-4.[1] The parties represent that Plaintiff's attorney fees and costs were "negotiated separately from Plaintiff's settlement and did not bear any weight on the amounts received by Plaintiff." Doc. 20 at 3. The parties request that the Court approve the Agreement, and dismiss the case with prejudice. Doc. 20 at 4.

## II. LAW.

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[2] *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The Court, before giving its approval, must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims. *See id*. at 1353-55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.

---

[1] The parties represent that they agreed Plaintiff's counsel will receive a total of $5,250.00 in attorney fees and costs. Doc. 20 at 3. This representation is inconsistent with the Agreement, in which the parties agreed that Plaintiff's counsel will receive a total of $5,000.00. Doc. 20-1 at 4. The undersigned finds the Agreement controls over what appears to be a scrivener's error in the Motion.

[2] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[3]

The Court, in addition to the foregoing factors, must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[4] The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

### III. ANALYSIS.

#### A. Settlement Amount.

This case centers on Defendants' alleged failure to pay Plaintiff time and one-half for all overtime hours he worked. Doc. 9. The parties dispute three primary issues: whether Plaintiff is covered by the FLSA; the number of overtime hours Plaintiff worked without being paid time and

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[4] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

one-half; and whether Plaintiff is entitled to liquidated damages. Doc. 20 at 3. Thus, this case involves disputed issues of coverage and liability under the FLSA, which constitutes a bona fide dispute.

The parties were represented by independent counsel who are obligated to vigorously represent their clients. *Id.* at 2. The parties agreed to settle the case due to the nature of the disputed issues, the risks involved with litigating those disputes, and the time and expense of continued litigation. *Id.* at 3. The Agreement provides that Plaintiff agrees to a release any wage claims he may have against Defendants, in exchange for receiving $5,500.00 in unpaid wages, $5,500.00 in liquidated damages, and $5,000.00 in attorney fees and costs. Doc. 20-1 at 3-4. The parties represent that Plaintiff is receiving "full damages" under the Agreement. Doc. 20 at 3.[5]

The undersigned finds that the parties' stated reasons for settling this case militate in favor of finding the settlement is fair and reasonable. Further, when, as in this case, a plaintiff does not compromise his or her claim, the resulting settlement is generally found to be a fair and reasonable resolution of a bona fide dispute under the FLSA. *Natera v. Mastercorp of Tennessee, Inc.*, Case No. 6:08-cv-2088-Orl-22DAB, 2009 WL 1515747, at *2 (M.D. Fla. June 1, 2009) (finding "[f]ull recompense of the [FLSA] damage claim is *per se* fair and reasonable"); *see Siena v. Morris Publ'g Grp., LLC*, Case No. 3:08-cv-491-J-32MCR, 2008 WL 4097600, at *1 (M.D. Fla. Sept. 4, 2008) (citing authority). In light of the foregoing, the undersigned finds that the settlement is fair and

---

[5] Plaintiff did not file answers to the Court's Interrogatories. Thus, the undersigned cannot confirm whether Plaintiff originally claimed that he was owed a total of $11,000.00 in unpaid wages and liquidated damages. Nevertheless, the undersigned has no reason to doubt that Plaintiff is, in fact, receiving full compensation, including an equal amount of liquidated damages, under the Agreement.

reasonable.  Accordingly, it is **RECOMMENDED** that the Court find the settlement to be fair and reasonable.

### B. The Release.

The Agreement contains a limited release, which states, in relevant part, as follows:

> Plaintiff . . . waives and releases . . . Defendants . . . from any and all claims of any nature whatsoever Plaintiff *has arising out of or related to the payment of wages during his employment with Defendants*, known or unknown, including, but not limited to, any claims Plaintiff may have under the Fair Labor Standards Act . . ., the Florida minimum wage statute, and any and all other applicable state, federal, county, or local ordinances, statutes or regulations[.]

Doc. 20-1 at 3 (emphasis added).  The limited scope of this release allays any concern that Plaintiff may be giving up an unknown, but valuable, claim that is wholly unrelated to his wage claim.  *See, e.g.*, *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346 (M.D. Fla. 2010); *see also Bright v. Mental Health Res. Ctr., Inc.*, Case No. 3:10-cv-427-J-37TEM, 2012 WL 868804 (M.D. Fla. Mar. 14, 2012).  Therefore, the undersigned finds that the release does not affect the overall fairness and reasonableness of the settlement.  Accordingly, it is **RECOMMENDED** that the Court find the release does not affect the fairness and reasonableness of the settlement.

### C. Attorney Fees and Costs.

Plaintiff's counsel will receive a total of $5,000.00 in attorney fees and costs under the Agreement.  Doc. 20-1 at 4.  The parties represent that the attorney fees and costs were "negotiated separately from Plaintiff's settlement and did not bear any weight on the amounts received by Plaintiff."  Doc. 20 at 3.  The settlement is reasonable to the extent previously discussed, and the parties' foregoing representation adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amount paid to Plaintiff.  *See Bonetti*, 715

F. Supp. 2d at 1228. Accordingly, pursuant to *Bonetti*, it is **RECOMMENDED** that the Court find the amount of the attorney fees and costs to be fair and reasonable.

IV. **CONCLUSION**.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. 20) be **GRANTED**;

2. The Court find the Agreement (Doc. 20-1) to be a fair and reasonable settlement of Plaintiff's FLSA claim;

3. The case be **DISMISSED with prejudice**; and

4. The Clerk be directed to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

Recommended in Orlando, Florida on June 9, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy